# IN THE COURT OF CHANCERY OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| DESKTOP METAL, INC., | ) | |
| | ) | |
| Plaintiff and Counterclaim-Defendant, | ) | |
| | ) | |
| | ) | Consolidated |
| v. | ) | C.A. No. 2024-1303-KSJM |
| | ) | |
| NANO DIMENSION LTD. and NANO US I, INC., | ) | |
| | ) | |
| | ) | |
| Defendants and Counterclaim-Plaintiffs. | ) | |
| | ) | |

## ORDER AND PARTIAL FINAL JUDGMENT

WHEREAS, the Court of Chancery conducted a two-day trial on March 11–12, 2025, and for the reasons set forth in the court's Post-Trial Memorandum Opinion dated March 24, 2024,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED as follows:

1.      With respect to Desktop's Verified Amended Complaint (Dkt. 101) in C.A. No. 2024-1303-KSJM, final judgment is entered in favor of Desktop Metal, Inc. ("Desktop") and against Nano Dimension Ltd. and Nano US I, Inc. (collectively, "Nano") on the First (Specific Performance), Second (Breach of Contract and Specific Performance), Third (Declaratory Judgment), and Fourth (Injunctive Relief) Causes of Action.

2.      With respect to Nano's Verified Amended Counterclaims (Dkt. 106) in C.A. No. 2024-1303-KSJM, final judgment is hereby entered in favor of Desktop and against Nano on the First (Breach and Anticipatory Breach of Contract) and Second (Declaratory Judgment) Causes of Action.

3. With further respect to the Third Cause of Action in Desktop's Verified Amended Complaint in C.A. No. 2024-1303-KSJM, and for the reasons set forth in the court's decision, the court hereby declares as follows:

(a) Nano has materially breached Section 6 of the Merger Agreement entered into by Nano and Desktop on July 2, 2024 (the "Merger Agreement").[1]

(b) Desktop has not breached the Merger Agreement and has complied in all material respects with its obligations under the Merger Agreement.

(c) Nano remains obligated to consummate the transactions contemplated by the Merger Agreement, which remains in full force and effect.

(d) Nano is estopped and prevented from raising any conditions to closing that are not satisfied as a consequence of Nano's breaches of the Merger Agreement, including as a consequence of any delay resulting from Nano's breaches of Section 6 of the Merger Agreement.

(e) Within 48 hours of this order, Nano must agree to and execute a National Security Agreement in a form proposed by the Committee of Foreign Intelligence in the United States.

(f) Nano is required to pay the full Per Share Merger Consideration.

4. Nano shall perform its obligations under the Merger Agreement, and is hereby enjoined from terminating the Merger Agreement or taking any action

---

[1] Unless otherwise defined, capitalized terms have the meanings provided in the Merger Agreement.

inconsistent with its performance obligations under the Merger Agreement that would negatively impact its ability to perform its obligations under the Merger Agreement.

5.      If the Closing has not occurred by March 31, 2025, the End Date under the Merger Agreement may be extended, at Desktop's discretion, until the Closing of the Merger Agreement.

6.      Given the expedited nature of these proceedings, neither the Post-Trial Memorandum Opinion nor this Order address all of the parties' respective claims and counterclaims. There is, however, no just reason for delay. Indeed, there is every reason to allow immediate appeal. This Order therefore constitutes a partial final judgment entered pursuant to Rule 54(b).

7.      The parties are instructed to meet and confer to identify any other matters that the court needs to address to bring this action to a conclusion at the trial level and identify those issues in a joint letter submitted to the court.

/s/ Kathaleen St. J. McCormick
Chancellor
Dated: March 24, 2025

3